WALTER S. HODGDON *vs.* EDWIN H. MOULTON & others.

Essex. November 1, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Municipal Corporations.*

If the municipal council of a city in conducting the affairs of the public act with ill-will toward a certain individual instead of acting only with a due regard to the interests of the public, this does not give the subject of their ill-will a cause of action in tort against the members of the council, who are answerable only to the public in conducting public affairs.

LORING, J. This action is entitled an action of tort. It is brought against the members of the municipal council of the city of Haverhill. As to which see St. 1908, c. 574, §§ 3, 20–33. The members filed a demurrer, the demurrer was sustained * and judgment was entered in favor of the defendants. The case is here on the plaintiff's appeal from that judgment.

The case stated by the plaintiff is entirely without foundation and under ordinary circumstances could be properly disposed of without more on stating that fact. But it is manifest that the plaintiff feels that he has been aggrieved by the defendants and that these grievances of his did not receive due consideration in the Superior Court. We have thought it wise under all the circumstances to add some words of explanation although they

_____
* By *Schofield*, J.

are so obvious that under ordinary circumstances they should be omitted.

The grievance alleged by the plaintiff is that the defendants having promised under oath to faithfully perform their duties as members of the municipal council, " regardless of their said oaths, and on account of political maleficence, . . . have substituted paritality [partiality], collusion and anarchy, and abridged plaintiff's constitutional privileges and immunities " in eight particulars, to wit : (1) He filed a petition with the defendants for the restoration of the old rates for street watering and it was denied without giving him a hearing ; (2) he filed a petition for the removal of a police officer because (so the plaintiff stated) he had committed an unprovoked assault upon him and offered him an unprovoked insult ; and this petition was denied without giving him a hearing ; (3) he filed a petition for abatement of a street watering tax in excess of the old rates and this was put on file " and he was not legally notified " ; (4) the defendants allowed the friends of one Greul to stamp their feet and clap their hands at a hearing on a petition brought by Greul ; (5) an ordinance was " filed " by the plaintiff dealing with charges to be made by " plumbers *et alii* " and this petition was put on file " and the plaintiff was not legally notified " ; (6) on petition of one Ballard for an increase in hack fares the defendants voted " to grant the prayer after the city solicitor should change the ordinance " ; (7) the plaintiff demanded a hearing on his petition as to " plumbers *et alii* " and this demand was put on file ; and (8) the plaintiff " says that he never seeks trouble but is liable to defend his rights ; that on account of political malice, the defendants have held his rights in contempt ; that their examples have caused him to be insulted on the streets by persons whose names were unknown, and without any provocation, and his property has been despoiled."

The substance of these alleged grievances is that in conducting the affairs of the city which have been committed into their charge by the voters of Haverhill the defendants in the first place refused to adopt the views put forward in petitions filed with them by the plaintiff, and have done so without giving him a hearing ; and in the second place in acting as they did on the plaintiff's petitions not only have they not acted impartially but

they have acted from ill-will toward him, as is shown by the way in which they have treated Greul and Ballard. But the difficulty in the way of the plaintiff's recovering damages from the defendants for acting in these matters with ill-will toward him is that the matters in which they were acting were the affairs of the public and the plaintiff had no right to have his views in those affairs adopted by the defendants. If the defendants in conducting those affairs acted out of ill-will to the plaintiff in place of acting from a due regard to the interests of the public, they are answerable to the public but not to the plaintiff.

The entry must be

*Judgment affirmed.*

*W. S. Hodgdon, pro se.*

*G. M. G. Nichols,* for the defendants, did not care to be heard.