MICHAEL F. DULLEA & another vs. SELECTMEN OF PEABODY.

Essex.   November 4, 1914. — November 6, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Mandamus. Public Officer. Municipal Corporations,* Officers and agents. *License. Intoxicating Liquors. Express.*

Where applications have been made to the selectmen of a town, in which licenses of the first five classes for the sale of intoxicating liquors are not granted, for permits under St. 1906, c. 421, § 2; St. 1911, c. 423, for the transportation of intoxicating liquors in and into the town, and the selectmen have decided not to issue any such permit unless ordered to do so by this court, two of such applicants, at least one of whom is qualified to receive such a permit, have sufficient interest in the subject matter, if any private interest is necessary, to warrant them in bringing a petition for a writ of mandamus to compel the selectmen to undertake the investigation of applications for such permits with a genuine purpose to comply with the law.

PETITION, filed in the Supreme Judicial Court on August 10, 1914, for a writ of mandamus addressed to the selectmen of the town of Peabody directing them "to meet forthwith and grant at least one permit" under St. 1906, c. 421, § 2; St. 1911, c. 423, "to transport spirituous and intoxicating liquors in and into the town of Peabody," to the petitioner Michael F. Dullea or to the petitioner Munroe and Arnold-Merritt Express Company, "or to some person, firm or corporation regularly and lawfully conducting a general express business in said town and qualified and competent to receive such a permit."

The respondents' answer denied that the petitioner Dullea was qualified to receive the permit sought, but admitted that the Munroe and Arnold-Merritt Express Company was "duly qualified to receive a license."

The petition was heard by *Braley,* J., who, among other findings, found that there were, besides the petitioners, other applicants for permits of the same nature but that no notice of any hearing had been given to the applicants and that no hearing had been held at any regular meeting of the respondents; and that "a majority of the selectmen have decided not to grant and issue a permit

or license to either of the petitioners or to any other qualified applicant unless ordered so to do by this court."

The justice, at the request of the respondents, reported the case to the full court for determination.

The case was submitted on briefs.

*J. J. Sheehan,* for the respondents.

*D. C. Manning,* for the petitioners.

BY THE COURT. This is a petition for a writ of mandamus to compel the respondents, the selectmen of the town of Peabody, to issue a permit to transport intoxicating liquor in accordance with St. 1906, c. 421, as amended by St. 1911, c. 423.

The petitioners as applicants for such permits, one being admitted by the answer to be qualified to receive such a permit, have sufficient interest in the subject matter to warrant them in bringing such petition, if any private interest is necessary. *Sinclair* v. *Mayor of Fall River,* 198 Mass. 248, 256.

Mandamus is an appropriate remedy. *Welch* v. *Swasey,* 193 Mass. 364, 377.

The case on its merits is concluded by *Rea* v. *Aldermen of Everett,* 217 Mass. 427, where, after a full discussion, it was held that the writ should issue to compel the public board to undertake an impartial investigation with a genuine purpose to comply with the compulsory provisions of the law. It is not for public officers to refuse to obey the law.

*Writ to issue.*