EDWARD JAFFARIAN & another *vs.* MAYOR OF SOMERVILLE.

Middlesex.    March 6, 1931. — April 2, 1931.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*License. Mandamus. Supreme Judicial Court,* Moot case.

Upon a petition filed in August for a writ of mandamus to compel the mayor of a city to investigate impartially the petitioner's application, for a license under G. L. c. 140, § 181, indefinite as to the time for which it was to run if granted, it was found that the respondent had not acted in good faith in refusing to grant the license, and the writ was ordered to issue. Both parties alleged exceptions, but neither bill of exceptions was allowed. In January the single justice heard a motion by the respondent to dismiss the petitioner's exceptions on the ground that the questions raised by the petitioner had become moot; found that it was the uniform practice and rule of the respondent that all such licenses should expire on December 31 of the year in which they were issued, although the printed forms used therefor contained no provision for the term for which they were to remain in force, and that such practice was binding on the petitioner; and allowed the motion. *Held,* that

(1) The finding by the single justice could not be said to be erroneous; and it imported that the usage was so widespread and notorious that it bound the petitioner or that his attention was seasonably directed thereto;

(2) The practice and rule of the respondent had to do only with licenses granted and was inapplicable in the circumstances, since no license had been granted;

(3) The petitioner's application for a license still was pending before the respondent as if never acted upon, and it still was the respondent's duty to consider the application impartially;

(4) The questions raised by the petition had not become moot;

(5) The allowance of the respondent's motion was error.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Middlesex on August 12, 1930, and afterwards amended.

The case was referred to an auditor and afterwards was heard by *Crosby,* J. Material facts are stated in the opinion. The single justice ordered the writ to issue. All parties alleged exceptions. The circumstances of the respondent's motion to dismiss the petitioners' exceptions are described

in the opinion. The motion was heard by the single justice on January 9, 1931, and was allowed; and the exceptions of all parties were dismissed. The petitioners alleged exceptions to this order.

*J. E. Hannigan & F. R. Mullin,* for the petitioners.

*D. J. Kelley,* City Solicitor, for the respondent.

RUGG, C.J. The petitioners seek in this proceeding for mandamus to compel the respondent, in his capacity as mayor of the city of Somerville, to investigate impartially the application of the petitioners for a license for the operation of a miniature golf course on their premises described in the petition. An auditor was appointed who found that the respondent did not act in good faith but acted most arbitrarily and capriciously in refusing to grant the license. At the hearing before the single justice the facts reported by the auditor in substance were found to be true, and it was ordered that a peremptory writ be issued. The petitioners and respondent excepted to the findings and rulings and each filed a bill of exceptions, neither of which has been allowed. After the thirty-first day of December, 1930, the respondent filed a motion to dismiss the petitioners' exceptions on the ground that the questions raised by the petition had become moot. At the hearing upon that motion the single justice found that it "was, and is, the uniform practice, and a rule of the mayor [of Somerville], for all licenses for the maintenance of theatres and amusements to expire on December 31 of the year in which they were issued. The printed forms used for all such licenses contain no provision for the term for which they are to remain in force." It was further found that this practice was valid and binding upon the petitioners. The application of the petitioners was made under G. L. c. 140, § 181, which provides that "The mayor or selectmen may . . . grant, upon such terms and conditions as they deem reasonable, a license for . . . public amusements and exhibitions of every description . . . ." Upon these facts and findings it was ruled that under the application made by the petitioners in July, 1930, the license could not properly be issued to them after December 31 of that year, and, since "the questions raised by the

petition . . . have become moot," it was ordered that both bills of exceptions be dismissed.

A necessary consequence of this ruling, if sound, would be that the petition itself must be dismissed.

The finding of fact, to the effect that there was a valid binding practice and rule, cannot be pronounced erroneous. The evidence on which it was based is not reported. The definite finding that the practice was binding upon the petitioners imports that the usage was so widespread and notorious that it bound the petitioners or that their attention was seasonably directed to such rule. *Dickinson* v. *Gay*, 7 Allen, 29. *Conahan* v. *Fisher*, 233 Mass. 234, 240, 241.

It is plain from the facts found concerning the attituae of the respondent toward the application of the petitioners for the license that his conduct was a tyrannical and unlawful abuse of power. On those facts alone the petitioners would be entitled to a peremptory writ. *Attorney General* v. *Suffolk County Apportionment Commissioners*, 224 Mass. 598. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 182. *Sweeney* v. *School Committee of Revere*, 249 Mass. 525.

It is inferable from the record as a whole that the application presented to the respondent did not specify any limit of time for the desired license. The respondent has continued to hold the office of mayor and is now the incumbent. The situation disclosed, therefore, is that an application for a license, in terms indefinite as to the time for which it is to run if granted, has been rejected by the respondent under the circumstances already narrated. No license was ever granted under the application. Therefore the practice and rule, to the effect that licenses of this nature expire on the thirty-first of December in each year, never became operative as to the petitioners. The custom and rule relate only to licenses. On the facts found that practice and rule have nothing to do with applications for licenses. By reason of the unwarranted conduct of the respondent, the application is still pending before him as if never acted upon. It follows, therefore, that it is just as much his duty now as ever it was to consider impartially

the application of the petitioners for a license and to undertake that investigation with a genuine determination to deal justly with it and to grant it if conformable to the requirements of law.   The decision in *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475, is not relevant to the facts here disclosed.   In that case the permit had actually been issued and had expired by its own limitation because not acted upon within the period limited by the ordinance under which it was issued.   The principle that courts are not established for the determination of abstract questions of law concerning matters no longer vital to actual rights involved in the litigation, *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, is not applicable to the case at bar.

It follows that the order dismissing the petitioners' bill of exceptions was erroneous and the petitioners' exceptions thereto must be

*Sustained.*