EDWARD JAFFARIAN & another *vs.* JOHN J. MURPHY.

Middlesex.    May 13, 1932. — October 25, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Actionable Tort. Municipal Corporations*, Officers and agents: personal liability of mayor.

Upon the denial of an application to the mayor of a city for a license to operate a miniature golf course, the applicant sought relief by mandamus and a single justice found that the reason given by the mayor for refusing the application was not his real reason and was not in his mind when he rejected the application; that he rejected the application for some motive which could not be ascertained upon the evidence; that "in rejecting the application he did not exercise good faith, did not give it his fair consideration, but was most arbitrary and capricious in exercising his discretion." Allegations of that petition to the effect that the respondent acted because of personal financial interest were found to be without support in the evidence. The writ issued. Afterwards the applicant, in an action of tort against the mayor, sought to recover for expenses to which he had been put in employing counsel to enforce his legal rights by reason of the wrongful conduct of the defendant. There was a substantial verdict for the plaintiff. The defendant alleged exceptions. *Held*, that

(1) The mayor's conduct in not acting in good faith and in abusing his power in a tyrannical and unlawful manner did not affect his jurisdiction in the matter;

(2) There being no proof of a purpose on the part of the mayor to benefit himself or others at the expense of the applicant or to do malicious injury to him, public policy did not require that the action should be maintained;

(3) The defendant was not shown to have acted in such way as to render him liable in the action of tort.

TORT. Writ in the District Court of Somerville dated July 1, 1931.

On removal to the Superior Court, the action was tried before *Pinanski*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiffs in the sum of $2,000. The defendant alleged exceptions.

*H. Bergson*, (*D. J. Kelley* with him,) for the defendant.

*F. R. Mullin*, (*P. F. Spain & Francis J. Murray* with him,) for the plaintiffs.

RUGG, C.J. The plaintiffs seek in this action of tort to recover damages from the defendant arising out of his conduct as mayor of Somerville in denying their application for a license to operate a miniature golf course, whereby it was necessary for them to seek relief by mandamus. The declaration is broad enough to include general damages. The trial was confined to recovery of a reasonable sum for counsel fees growing out of these circumstances: In August, 1930, the plaintiffs filed in the Supreme Judicial Court a petition for mandamus alleging that they applied to the defendant, as mayor of Somerville, for a license to conduct a miniature golf course, and that the defendant had wrongfully and in bad faith refused their application, and praying that the writ should issue commanding the defendant to give lawful consideration to their application, and also praying that the writ should issue commanding him to grant the license. The facts finally found upon that petition were that the reason given by the respondent for refusing the petitioners' application was not his real reason and was not in his mind when he rejected the application; that the respondent "rejected the application for some motive, the reasons for which" could

not be ascertained on the evidence; that "in rejecting the application he did not exercise good faith, did not give it his fair consideration, but was most arbitrary and capricious in exercising his discretion." Allegations of that petition to the effect that the respondent acted because of personal financial interest were found to be without support in the evidence. The petitioners' motion for the assessment of damages in the mandamus case was overruled without prejudice on the ground that there were "other and adequate remedies provided by law, if he is so entitled." In November, 1930, judgment was ordered to be entered for a peremptory writ of mandamus, commanding the respondent to investigate impartially the application of the petitioners for a permit and to undertake such investigation with a genuine determination to grant a license provided the applicants conformed to the requirements of law. In January, 1931, the single justice found that it was the uniform practice and a rule of the mayor of Somerville for all licenses for the maintenance of amusements to expire on December 31 of the year in which they were issued, and that the question raised by the petition for mandamus had become moot and for that reason he ordered that the bills of exceptions of the petitioners and of the respondent be dismissed. The case was taken to the full court, 275 Mass. 264, and the rescript in the case was "Exceptions sustained." In the present action the contention of the plaintiffs is that the defendant is liable to them in tort and that because of his wrongful conduct they have been obliged to employ counsel and to be put to expense to obtain the legal rights denied them. They contend, not that they were entitled as matter of right to a license, but that they were entitled to have their application fairly and honestly considered, and that because this right was denied them they suffered damages. The record in the mandamus proceedings and other facts bearing upon liability and damages were introduced in evidence. Upon the evidence and under the rulings of the court, one of which was in substance that the findings in the mandamus proceedings made a case for the plaintiffs on liability in the present action, the jury

returned a verdict for the plaintiffs, assessing damages in a substantial sum.

In general, parties aggrieved by rulings and orders of one exercising judicial powers must seek to have errors in the proceedings corrected by appeal or exception. They have no private action against the judge who makes erroneous rulings or decisions. *Pratt* v. *Gardner*, 2 Cush. 63. *Bradley* v. *Fisher*, 13 Wall. 335. *Alzua* v. *Johnson*, 231 U. S. 106, 111. In cases where an official or board acting in a *quasi* judicial capacity within the scope of its authority errs, commonly the law affords an aggrieved party adequate relief by resort to one of the extraordinary writs. See *Hodgdon* v. *Moulton*, 207 Mass. 445; *Jaffarian* v. *Mayor of Somerville*, 275 Mass. 264. The authority of the mayor of Somerville to pass upon applications for miniature golf courses is derived from G. L. c. 140, § 181, which provides: "The mayor or selectmen may . . . grant, upon such terms and conditions as they deem reasonable, a license for theatrical exhibitions, public shows, public amusements and exhibitions of every description . . . and the mayor or selectmen may revoke or suspend such license at their pleasure. . . ." In passing upon applications under this statute the mayor is acting in a *quasi* judicial capacity and is bound to exercise his discretion impartially. *Jaffarian* v. *Mayor of Somerville*, 275 Mass. 264. This court, having stated the facts in that case, said at page 266: "On those facts alone the petitioners would be entitled to a peremptory writ."

The plaintiffs contend that the defendant is liable to them in tort as matter of law under the rule stated in *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 182, "'All inferior tribunals and magistrates . . . if they act without any jurisdiction over the subject matter; or if . . . they are guilty of an excess of jurisdiction . . . are liable in damages to the party injured by such unauthorized acts.' *Piper* v. *Pearson*, 2 Gray, 120, 122." . They say that the defendant was acting in excess of his jurisdiction in not giving them a fair hearing, in not giving the matter fair consideration, and in exercising his discretion in an arbitrary and capricious manner. The mayor's conduct in not acting

in good faith and in abusing his power in a tyrannical and unlawful manner did not affect his jurisdiction in the matter, although it affected the validity of his decision. Conducting a hearing within his jurisdiction in an unjustifiable manner cannot be what is meant in the law by excess of jurisdiction. The mayor by his improper conduct in acting within the limits of his jurisdiction could not be held to be acting in excess of his jurisdiction. His conduct or state of mind while acting within the limits of his jurisdiction would not affect that jurisdiction. In *Clarke* v. *May*, 2 Gray, 410, a justice of the peace was held to have exceeded his jurisdiction in undertaking to punish a witness for contempt by a separate and independent proceeding after the trial, while his only power under the statute was to punish a witness summoned who failed or neglected to appear. In *Warr* v. *Collector of Taxes of Taunton*, 234 Mass. 279, 283, the tax collector had gone wholly beyond the limits of his jurisdiction and was attempting to sell property which the law gave him no right to touch in the way and manner undertaken. The court said: "In essence he ceases to be tax collector because acting in excess of and therefore without jurisdiction." In *Piper* v. *Pearson*, 2 Gray, 120, a justice of the peace who tried a case in the exclusive jurisdiction of a police court and committed a witness to prison was held liable in damages to the witness on the ground that he acted beyond the limits of his jurisdiction and the proceeding was void.

The case of *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, is not a precedent for the maintenance of the present action. In the *Stiles* case none of the statutory prerequisites to the removal of a public officer by the municipal council had been observed and the council was without jurisdiction to act, while in the case at bar the mayor had authority to act and his improper method of conducting the hearing cannot within any fair meaning of the words be held to be "an excess of jurisdiction." See *Hodgdon* v. *Moulton*, 207 Mass. 445.

The defendant is not shown to have acted in such way as to render him liable to this action of tort. The plaintiff was given a remedy for the wrong done him by granting

his petition for a writ of mandamus. The defendant was acting within his jurisdiction. There is a line of cases in this Commonwealth holding that one having the legal qualifications entitling him to be registered as a voter or to vote, but denied that right by the honest but mistaken act of public officers, has a right of action in tort against those who have thus done him a wrong. *Kilham* v. *Ward,* 2 Mass. 236. *Lincoln* v. *Hapgood,* 11 Mass. 350. *Henshaw* v. *Foster,* 9 Pick. 312. *Capen* v. *Foster,* 12 Pick. 475, 486. *Blanchard* v. *Stearns,* 5 Met. 298. These cases have been said by Chief Justice Shaw to rest upon "grounds of public policy, the importance of the personal right, and the difficulty of vindicating it in any other way." *Griffin* v. *Rising,* 11 Met. 339, 346. To the same effect are *Larned* v. *Wheeler,* 140 Mass. 390, *Kinneen* v. *Wells,* 144 Mass. 497. See also *Nixon* v. *Condon,* 286 U. S. 73. Doubtless assessors in assessing taxes perform executive or administrative duties rather than *quasi* judicial functions, but until exempted by statute (see now G. L. [Ter. Ed.] c. 59, § 87), they were liable to a person injured by an illegal assessment, no matter how honest they were. *Stetson* v. *Kempton,* 13 Mass. 272, 283. *Dowling* v. *Board of Assessors of Boston,* 268 Mass. 480, 485. A strictly logical extension of those decisions would support the contention of the plaintiffs, but we think that the ground upon which they rest prevents the application of the principle governing them to a case like the present. In numerous opinions care has been taken, in exonerating public officers from liability, to confine the grounds of decision so as to exclude the element of bad faith as a factor. See, for example, *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 278. *Filoon* v. *City Council of Brockton,* 252 Mass. 218, 223. *Burke* v. *Metropolitan District Commission,* 262 Mass. 70, 75. *Palefsky* v. *Connor,* 270 Mass. 410, 416. The finding in the mandamus case, as already recited, was that the defendant did not exercise "good faith." That finding did not stand alone; it was accompanied by findings that the motive or purpose of the wrongful conduct could not be ascertained but was not based on personal

financial interest, that fair consideration was not given the application, and that the defendant was "most arbitrary and capricious in exercising his discretion." The finding of bad faith in this context goes no further than the accompanying specifications. These findings do not fairly import corrupt conduct. The question on this branch of the case, then, is narrowed to the point whether the wrongful act of a mayor of a city who for some undetermined reason has acted in the manner stated respecting a matter coming before him in a *quasi* judicial capacity, in addition to being ground for remedy by mandamus, shall also afford basis for an action of tort. It is not always the unrighteous who are unfair, capricious and arbitrary. It is conceivable that an honest mayor, over-zealous for the public welfare, might from entirely pure and upright motives take action in order to accomplish ends regarded by him as highly desirable which might be so described. See *Braconier* v. *Packard*, 136 Mass. 50; *Rea* v. *Aldermen of Everett*, 217 Mass. 427; *Dullea* v. *Selectmen of Peabody*, 219 Mass. 196. If and when such error may be corrected by mandamus, the motives of such public officer ought not to be ignored and his zeal punished by making him liable in an action of tort. The same principle releases from liability a mayor acting as did this defendant, provided no proof can be found of a purpose to benefit himself or others at the expense of the applicant or to do malicious injury to him. See *Spear* v. *Cummings*, 23 Pick. 224. The case at bar in its facts does not go far enough in our opinion to warrant a verdict for the plaintiffs.

This decision does not go beyond the precise facts here presented. It is not necessary to review cases from other jurisdictions, all of which perhaps cannot be reconciled. *Dinsman* v. *Wilkes*, 12 How. 390, 404. *Speyer* v. *School District*, 82 Colo. 534, 538, and cases cited. *Sweeney* v. *Young*, 82 N. H. 159. *Spalding* v. *Vilas*, 161 U. S. 483. *Yaselli* v. *Goff*, 12 Fed. Rep. (2d) 396, 403–407, affirmed without opinion in 275 U. S. 503. *Mellon* v. *Brewer*, 18 Fed. Rep. (2d) 168. *Brown* v. *Rudolph*, 25 Fed. Rep. (2d) 540. *Dawkins* v. *Lord Paulet*, L. R. 5 Q. B. 94, 113–120.

The exceptions must be sustained. The case appears to have been fully and fairly tried and, therefore, in accordance with G. L. (Ter. Ed.) c. 231, § 122, judgment is to be entered for the defendant.

*So ordered.*