**In re Nora LUNA, Debtor.**

**Bankruptcy No. 91–16664–WCH.**

United States Bankruptcy Court,
D. Massachusetts, E.D.

March 8, 1993.

Jeffrey J. Cymrot, Boroff & Associates, Boston, MA, for debtor.

J. Whitfield Larrabee, Boston, MA, for James A. Athanus.

William Luzier, Boston, MA, for Boston Rent Equity Bd.

### DECISION ON MOTION FOR SHOW CAUSE ORDER

WILLIAM C. HILLMAN, Bankruptcy Judge.

This motion is the latest chapter in a prolonged landlord-tenant dispute. Players in the current installment are the Debtor, James A. Athanus ("Athanus"), and the Boston Rent Equity Board (the "Board"). Debtor moves for an order to Athanus and the Board to show cause why they should not be held in contempt and for sanctions, based upon certain facts as set forth in the following discussion.

### Findings of Fact

1. Debtor filed her petition under Chapter 7 on July 31, 1991.

2. At the time of filing she was the owner of a multi-family residential building located at 15 Bardwell Street in Boston ("Bardwell Street").

3. Neither the Board nor Athanus nor any other tenant at Bardwell Street is listed as a creditor in the schedules to the

petition, and no tenant filed a proof of claim.

4. On September 26, 1991, Harold B. Murphy (the "Trustee") filed a notice of intent to abandon Bardwell Street on the basis that there was no equity for the estate, since the balances due on the first and second mortgages exceeded the value of the property. The Trustee also asserted the existence of Housing Code violations and lack of funds to correct them. The tenants had been withholding their rents because of the problems.

5. The docket contains the Trustee's service lists for his motion to abandon and of the hearing on that motion. Both were served on what appears to be a complete list of Bardwell Street tenants, including Athanus and all other adult tenants mentioned in the various pleadings in this case. The respective service dates were October 24, 1991, and November 4, 1991.

6. At a hearing on that motion held November 18, 1991, Athanus acted as attorney for the tenants, of whom he is one. He pointed out the problems involving the property, including the tenants' contention that the amount of rents properly payable was in dispute because rents had been increased without following the Board's procedures, and, it was alleged, at least one or two tenancies violated the Board's rules.

7. After hearing, an order was entered permitting abandonment.

8. Debtor received her discharge on November 26, 1991.

9. On March 10, 1992, Athanus, as counsel for various tenants, sent Debtor a 30-day demand letter under M.G.L.A. c. 93A, detailing various alleged health, building, or sanitary code violations at Bardwell Street. Among the damages detailed are items extending some years before the filing of the petition. Claim is also made that certain rent increases were improper, and a rebate of $40,000 was demanded.

10. Not waiting 30 days, Athanus filed petitions with the Board on March 16, 1992, seeking a determination of the validity of rent increases for the years 1986–1990.

11. The Board heard the petitions on August 13, 1992.

12. At the hearing, counsel for Debtor informed the Board of the granting of the bankruptcy discharge. Nevertheless, the Board, on August 27th, declared the rent increases void and ordered repayment of rents for pre-petition periods.

13. Debtor appealed that decision to the Housing Court. No determination of that appeal appears on the record.

### Discussion

■ Debtor contends that Athanus and the Board are in wilful violation of the discharge injunction under 11 U.S.C. § 524(a), and seeks a finding of contempt. Use of the contempt power is appropriate to defend the discharge injunction. *In re Rosteck*, 899 F.2d 694 (7th Cir.1990); *In re Elias*, 98 B.R. 332 (N.D.Ill.1989).

As relevant here, that section provides that

"A discharge in a case under this title—

"(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to *any debt discharged under section 727 ... of this title ...;*

"(2) operates as an injunction against the commencement or continuation or an action, the employment of process, or an act, to collect, recover or offset any *such debt* as a personal liability of the debtor...." (emphasis added).

It is therefore necessary to determine whether the debts with which we are here concerned are excepted from the discharge granted to Debtor. We turn to 11 U.S.C. § 523(a) which, as relevant here, provides that

"A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

"(3) neither listed nor scheduled under section 521(1) of this title ... in time to permit—

"(A) ... timely filing of a proof of claim, unless such creditor had notice

or actual knowledge of the case in time for such timely filing."

We must then seek evidence of notice or actual knowledge otherwise received.

A proof of claim in a Chapter 7 case must be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a). FRBP 3002(c). In this case, the § 341 meeting was set for September 16, 1991. Ninety days thereafter is November 15, 1991.

Both dates of service of the Trustee's notice are within the period during which a proof of claim might have been filed. The Court finds that all of the tenants had notice or actual knowledge of the bankruptcy proceedings within the claim filing period and hence are subject to the § 524(a) injunction.

The next consideration is whether the post-discharge actions undertaken by Athanus were with respect to a debt discharged under § 727.

The sworn supplemental response of Athanus to this motion indicates that on March 11, 1992, Debtor served him with a notice to quit for nonpayment of rent from the date of abandonment forward. He describes his application to the Board to be one seeking a determination of the current rents, not a refund of previously paid rents. The Board, he asserts, took the position that the pre-petition rents must be repaid *sua sponte;* he is attempting only to vindicate claims arising from post-abandonment activities (or failures to act) of Debtor.

A review of the findings of the Board indicates the problem that faced Athanus. Rent increases are computed from a lawful base rent. If the pre-petition increases were unlawful, then the amount of current rent would be reduced. The Board was required to examine the prior increases to determine the post-petition base rent.

The Board faced the issue by determining that the 1986–1990 rent increases were unlawful; declined to determine if the overcharges were dischargeable; and then ordered repayment of all excess rental amounts, whether pre- or post-petition.

■ A discharge under § 727 "discharges the debtor from all debts that arose before the date of the order for relief ... whether or not a proof of claim based on any such debt or liability is filed...." 11 U.S.C. § 727(b). Any liability of Debtor to Athanus or other tenants relating to unlawful pre-petition rent increases was a "claim" within the broad language of 11 U.S.C. § 101(5). It was discharged.

■ The Court finds that, to the extent the Board's order requires repayment of rents attributable to any period prior to July 31, 1991, it violates 11 U.S.C. § 524(a) and is void, just as an act in violation of the § 362 automatic stay is void. *Garcia v. Phoenix Bond & Indemnity Co.,* 109 B.R. 335 (N.D.Ill.1989); *Schewe v. Fairview Estates (In re Schewe),* 94 B.R. 938 (Bankr. W.D.Mich.1989). However, the Board's use of evidence of pre-petition facts to determine the lawful post-petition rent was not improper.

The impropriety was not in Athanus seeking relief from the notice to quit. Rather, it was the Board's decision to order repayment of pre-petition rents that is improper.

As a result, the Court finds that Athanus is not in contempt of the § 524(a) injunction.

Debtor also urges that the Board be held in contempt.

■ It appears that the Board is a creature of the City of Boston and not of the Commonwealth. As such, the Eleventh Amendment is not applicable. *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977). The next issue is whether it enjoys judicial immunity when ordering the payment of a debt barred by a bankruptcy discharge.

■ Massachusetts common law grants judicial privileges and immunities to "an official or board acting in a *quasi* judicial capacity within the scope of its authority." *Jaffarian v. Murphy,* 280 Mass. 402, 405, 183 N.E. 110 (1932).

The federal rule appears to be somewhat broader. Judges "are not liable to civil

**14**

actions. for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher,* 80 U.S. 335, 351, 13 Wall. 335, 351, 20 L.Ed. 646 (1872). The application of that principle was detailed by the Supreme Court in *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978):

> "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . .,' *Bradley, supra* [80 U.S. at 352, 13 Wall.], at 352, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' [80 U.S. at 351,] 13 Wall., at 351."

In this case the hearing officer (and hence the Board) surely had jurisdiction to determine the lawful current base rent; her error was in going beyond that determination in complete disregard of the Bankruptcy Code. She has immunity in so doing from the contempt power of this Court. Of course, if the Board should seek to enforce its order as to the pre-petition rent overcharges, the situation would be different. *See Colon v. Hart (In re Colon),* 114 B.R. 890 (Bankr.E.D.Pa.1990), *aff'd without reference to this point,* 941 F.2d 242 (3d Cir.1991).

### Conclusions of Law

Athanus is not in contempt because the rights which he sought to enforce before the board related to post-discharge events. The Board is not subject to this Court's contempt powers when acting judicially.

An order will be entered denying the motion for a show cause order.