GREAT SOUTHERN TRUCKING COMPANY, a Florida Corporation, v. W. B. DOUGLAS, EUGENE S. MATTHEWS, and JERRY W. CARTER, constituting the Railroad Commission of the State of Florida.

3 So. (2nd) 526
En Banc
Opinion Filed June 27, 1941
Rehearing Denied July 22, 1941

*A. Y. Milam,* for Petitioner.

*Theo. T. Turnbull,* for Respondents.

*A. Pickens Cole* as *Amicus Curiae.*

WHITFIELD, J.—A common law writ of certiorari was issued herein by this Court. It appears that the petitioner, Great Southern Trucking Company, a Florida corporation, operates an overnight intrastate freight truck service between Jacksonville and Miami, Florida, serving as well intermediate points on the night schedule supplemented by delivery to some points on the route by trucks after night storage at other points. The petitioner also operates over the same route an interstate freight truck daytime service from Miami to Jacksonville, Florida, thence overnight to Atlanta, Georgia. The authorized interstate operation does not include local service to or from points between Miami and Jacksonville, Florida. Petitioner now desires to serve local points with daylight deliveries at named stations between Miami and West Palm Beach and points further north in Florida on an intrastate freight truck schedule which would leave Jacksonville for Miami at 9:00 P. M. to return leaving Miami at 11:00 A. M. and operate during daylight from Miami north towards Jacksonville, making deliveries at points between Miami and West Palm Beach during daylight.

Other freight truck lines serve the local points between Miami and West Palm Beach with daylight deliveries; and one of such truck lines protested the granting of the daylight service schedule prayed for by the petitioner. After hearing and consideration, the respondent Florida Railroad Commission made an order which contains the following:

"2. The applicant at present operates one round trip schedule between Jacksonville and Miami leaving

Jacksonville at 6:00 P. M. and thus arriving in Miami at 6:00 A. M.—leaving Miami at 6:00 P. M. arriving in Jacksonville at 6:00 A. M. Applicant operates an additional northbound schedule handling interstate freight only leaving Miami at 8:00 A. M. and arriving in Jacksonville at 7:00 P. M. The southbound portion of the proposed new schedule would leave Jacksonville at 9:00 P. M. and arrive in Miami at 9:00 A. M. This would not give applicant a new service but would merely authorize as a new schedule what is now being operated as a later section of the present schedule.

"3. The northbound portion of the proposed new schedule would give applicant a new service in the lower east coast area and enable it to give daylight delivery service out of Miami and West Palm Beach. Tamiami Trail Tours, Inc., objects to the granting of this northbound schedule because it would compete with three schedules which it operates during the day from Miami to West Palm Beach. The Commission finds in the interest of maintaining the proper relationship between the carriers involved that the proposed northbound schedule should be operated with closed doors between Miami and West Palm Beach, insofar as traffic in the area between and including Miami and West Palm Beach is concerned. The applicant will be permitted to pick up traffic at Miami and West Palm Beach and intermediate points that is destined only for points north of West Palm Beach. The Commission finds the proposed schedule as so restricted to be reasonable.

"Wherefore it is CONSIDERED, ORDERED and ADJUDGED by the Railroad Commission of the State of Florida that the application of Great Southern Trucking Company of Jacksonville, Florida, for approval of Time

Table No. 1, Schedule No. 15, a copy of which is attached to and made a part of this order be and the same is hereby APPROVED with the provision that the schedule shall be operated northbound with closed doors as to traffic originating at and destined to Miami, West Palm Beach and intermediate points."

Section 4637. (2918) C. G. L. provides that:

"It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment sentence or decree of the court below, or to give such judgment, sentence or decree of the court below ought to have given, or as to it may appear according to law."

The above section is applicable to appellate courts when an appeal or a writ of error has been taken, but it is not controlling when the common law writ of certiorari referred to in Sections 5 and 11 of Article V of the Constitution is issued as a writ of review.

But Section 4 of the Declaration of Rights provides that:

"All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

Section 5, Article V, Constitution, provides that:

"The Supreme Court . . . shall have the power to issue writs of . . . certiorari . . . and also all writs necessary or proper to the complete exercise of its jurisdiction." See also Sec. 11, Art. V, as to the power of the Circuit Courts to issue writs of certiorari.

Where a statute confers upon an administrative board or commission or officers, administrative authority and duties of a quasi judicial nature, and

where as in this case the statute provides that the orders, rules and regulations duly made by such administrative boards, commissions or officers shall be *prima facie* reasonable and just or proper to be made under the authorizing statutes, such rules, orders and regulations so duly made will not be quashed on a common law writ of certiorari, when the proceedings by such board, commission or officers are within the authority conferred and are substantially as authorized or required by controlling law, and there is ample legal evidence in the record as properly made to sustain the findings, and no law is violated in the making or enforcement of such rules, orders or regulations. In proceedings on certiorari the petitioner has the burden of showing that the order, rule or regulation complained of is illegal, or unauthorized or does not accord with the essential requirements of the law controlling the particular matters being reviewed. See Florida Motor Lines, Inc., v. Railroad Commission, 101 Fla. 1018, 132 So. 851.

In this case the respondent Railroad Commission granted petitioner the right to a schedule for truck freight service leaving Jacksonville at 9:00 P. M. and leaving Miami at 11:00 A. M., the only limitation being that no service should be rendered by deliveries at points between Miami and West Palm Beach by northbound trucks leaving Miami on the proposed 11:00 A. M. schedule. Petitioner complains of the limitation put upon the order as made.

Petitioner has been allowed a 9:00 P. M. schedule from Jacksonville for Miami as an extra section of the regular 6:00 P. M. departure from Jacksonville when required by the exigencies of shipments. When this was done, the trucks returning empty to Jacksonville

the next day increased expenses, and participation in the local carrier from Miami north to points south of West Palm Beach was sought by using the returning northbound empties from Miami, the points south of West Palm Beach being a part of the Miami trade area and on the route of the empties going north from Miami. This of course would be advantageous to petitioner and would correspondingly share the local traffic with other truck lines and perhaps with other carriers engaged in that local service.

But the important consideration is the convenience and necessity of the public being served. A sufficient affirmative, convincing showing is not made that the additional service proposed to be rendered by the petitioner is needed by the public to be served at points between Miami and West Palm Beach, or that it would materially add to the convenience of and is desired by such public or that the particular local traffic is so greatly increased in volume as to need more transportation facilities and to justify the additional regular schedule as prayed for by the petitioner. Such a service without the stated limitation as to local traffic would have its effect upon carriers already engaged in the particular local service, and should not be granted without a clear showing in behalf of the public to be served of at least corresponding or commensurate benefits to such public. The chief considerations are the convenience and necessity of the public to be served and the use and the safety of the highways. These are matters for the consideration and determination of the Railroad Commission; and its order made on appropriate consideration and determination will not be quashed on certiorari in the absence of a clear showing of invalidity or lack or abuse of author-

ity, or failure of the Commission to act within its authority or to be governed by the essential requirements of applicable law.

The order complained of is within the administrative authority conferred by the statutes upon the respondent Commission; and it is not shown to have been made without appropriate procedure or in abuse of authority or in disregard of controlling provisions and principles of law. The evidence adduced justifies the order made. See Central Truck Lines v. Railroad Commission, *et al.*, 118 Fla. 555, 160 So. 26; also Chap. 14764, Acts of 1931, Sections 3, 7 and 8.

The writ of certiorari is quashed.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS, and ADAMS, J. J. concur.

### ON PETITION FOR REHEARING

PER CURIAM.—The petitioner operates a truck line from Jacksonville to Miami on a night schedule with extra trucks at night over the line as exigencies require. This does not give petitioner a daylight schedule between Miami and West Palm Beach. Now the petitioner asks for a daylight service over the same route, Jacksonville to Miami, leaving each terminal in the forenoon. This would give petitioner a northbound daylight delivery schedule between Miami and West Palm Beach. The Commission granted the daylight service between Jacksonville and Miami with the condition that the trucks leaving Miami in the forenoon would run with closed doors between Miami and West Palm Beach. This condition was imposed for the reason that the local daylight trucking service between Miami and West Palm Beach is now being adequately rendered by other carriers over the same route; and the public service does not now require an additional local daylight service between Miami and West Palm

Beach. This conforms with the requirements of the statute that in granting a right to render a new service, the effect of it upon the carriers engaged in that service, as well as the public convenience and necessity, should be considered by the Commission, and its authority should be so exercised as to do justice to all directly interested parties. See Chap. 14764, Secs. 3, 7, 8, *et seq.*, Acts of 1931; Central Truck Lines, Inc., v. Railroad Commission, 118 Fla. 555, 160 So. 26.

Rehearing denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.