69 So.2d 659 (1954)
WILSON
v.
McCOY MFG. CO., Inc., et al.
Supreme Court of Florida. En Banc.
January 8, 1954.
*660 Morrice S. Uman, Tampa, for petitioner.
Richard W. Ervin, Atty. Gen., Howard S. Bailey, Asst. Atty. Gen., Lazonby, Dell, Graham & Mills, Gainesville, and Burnis T. Coleman, Tallahassee, for respondents.
Sanchez, Watkins & Watkins, Tallahassee, Samuel R. Dighton, Orlando, as Amicus Curiae.
THOMAS, Justice.
Before the enactment of Chapter 28241, Laws of Florida, Acts of 1953, the procedure for review of orders entered under the provisions of Workmen's Compensation Law, Chapter 440, Florida Statutes 1941, and F.S.A., was somewhat elaborate and prolonged. After the claim had been filed and notice had been given to the employer and a hearing had been conducted by a deputy commissioner who determined the "dispute in a summary manner", Sec. 440.25 (3) (b), any interested party could file an application for a review of the order by the full commission. The commission was empowered to "affirm, reverse or modify [the] award, or remand to [the] deputy commissioner for further proceedings." A party could appeal from the decision of the commission to the circuit court, and from the order of the circuit court to the supreme court.
So, in effect, the parties litigant in a compensation matter had three appeals: from the deputy commissioner to the full commission, from the full commission to the circuit court and from the circuit court to the supreme court. Obviously it was the purpose of the legislature in enacting Chapter 28241, supra, to simplify reviews that were bound to be as expensive as they were protracted.
Meanwhile this court, in South Atlantic S.S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675, 681, had dealt with the *661 subject now before us and had rendered an exhaustive opinion which helps us greatly as we undertake to light a few beacons to guide litigants and their attorneys in obtaining reviews under the new system.
The court held that orders of administrative boards were subject to judicial review by certiorari and other "duly authorized procedure" and that not until the passage of the Florida Workmen's Compensation Act had the legislature provided for appeals from proceedings of administrative boards to the circuit court and from the ruling of the circuit court to the supreme court. The point then decided was the constitutionality of the provisions for appeals to the supreme court.
The court reiterated the familiar principle that the constitution is a limitation of power and that legislation not clearly in conflict with an express or implied prohibition should not be declared invalid. Also, it was said that although constitutional jurisdiction of a court cannot be restricted or taken away it can be enlarged if the enlargement does not diminish the constitutional jurisdiction of another court or clash with the constitution.
With this preface the court declared the acts providing for the final appeal to the supreme court constitutional because there was no expressed or implied exclusion of jurisdiction to review matters decided by the circuit court which that tribunal was empowered to adjudicate, and clearly the circuit court had jurisdiction not only of specified cases but also "of such other matters as the Legislature may provide", Sec. 11, Article V, and the legislature under this part of the constitution had provided that the circuit courts entertain appeals from decisions of the Industrial Commission. In concluding the point, it was reasoned that the supreme court had jurisdiction of cases originating in circuit courts, Sec. 5, Article V; that the circuit court had jurisdiction of the appeals as provided by an act the legislature was empowered to pass under Sec. 11, Article V; and that these appeals when lodged in the circuit court could be regarded as cases originating there, therefore subject to the appellate jurisdiction of the supreme court.
So much for the relevant history of the manner of bringing orders of award eventually to the supreme court and of the supreme court's view in respect of its power to hear and determine them.
We turn now to the instant case and its companions, to discuss and decide the effect of Chapter 28241, supra, upon reviews in compensation disputes and the nature of the remedy now available.
In the act presently under consideration it is provided, in Sec. 9, now Sec. 440.27, Florida Statutes 1953, and F.S.A., that "Orders of the full Commission * * * shall be subject to review only by * * * writ of certiorari filed in the Supreme Court of Florida * * *." (Italics supplied.) The question of the constitutionality of this part of the law substituting review via certiorari for appeal is presented to us for answer.
Although many of the functions of the Industrial Commission are purely administrative the commission does exercise powers that make it a quasi judicial body. Ample proof of this quality may be found in paragraph (3) of Sec. 440.24, as it appears in Sec. 7 of Chapter 28241, supra, providing for the enforcement of orders of compensation. Nevertheless, a party to a controversy over a claim for compensation is not entitled as a matter of right to an appeal but may be relegated to procedure in certiorari to secure a review of the proceedings.
From our study of various authorities on the subject we have concluded that there can be no appeal from the decision of the commission in the absence of specific statutory provision for such advantage and the thought seems harmonious with the decision of this court in State ex rel. Williams v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705, 707, 95 A.L.R. 1416, where it was said that the right of appeal eo nomine was not "essential to due process of law in such cases." There the court was dealing with an order of the board of dental examiners *662 which had been given the power to revoke licenses, and the extraordinary writ of mandamus to coerce the restoration of a suspended dentist to "his lawful pre-existing rights" to practice his profession was called "an available and appropriate remedy to afford relief to [the] aggrieved party * * *."
The Supreme Judicial Court of Massachusetts has said that in cases where a board "acting in a quasi judicial capacity * * * errs, commonly the law affords an aggrieved party adequate relief by resort to one of the extraordinary writs." Jaffarian v. Murphy, 280 Mass. 402, 183 N.E. 110, 111, 85 A.L.R. 293. See also Florida Motor Lines, Inc., v. Railroad Commissioners, infra.
It is plain that reviews of decisions of the Industrial Commission may no longer be presented in an out-and-out appeal, the provisions for such relief having been repealed by the legislature, and parties dissatisfied with decisions of the commission must now find solace in the extraordinary writ of certiorari.
We cannot resist the observation that this method of review would have been available anyway because the power to issue writs of certiorari is placed in this court by the constitution itself. However, we make no point either of this superfluity or, in the main, of the outline by the legislature of the procedure to be followed in entertaining the certiorari here, a matter that is properly one for the regulation of this court under its rules.
We fully recognize the enactment as an effort not only to make more simple but to make more expeditious and more inexpensive the final determination of causes arising from the administration of the Workmen's Compensation Act  an effort that is to be welcomed and encouraged.
Before leaving the question of the constitutionality of the act and proceeding to the final phases of this controversy, that is the method of presentation and the scope of review, we will dispose peremptorily, of the question about the wording of that part of the act which we have already quoted. The language is that the review shall be accomplished only by petition to the supreme court. Although the adverb refers to the method of review, the rest of the sentence indicates, of course, the intention of the legislature that the petitions for certiorari be presented to this court to the exclusion of the circuit court, despite the like power of the circuit court under the constitution to issue writs of certiorari. We feel that we need not presently explore the validity of the act so far as the circuit court is concerned. That court has the same power as this court, from the same source, regardless of the legislation, but the question of the effect of the legislation upon the jurisdiction of the circuit court can be determined when the jurisdiction of the circuit court is sought to be invoked.
We conclude on the main point that no guaranty of organic law was violated by the act and that henceforth parties to procedure before the Industrial Commission for the settlement of claims must be content with certiorari as a means of obtaining review of the commission's decision.
This brings us to a consideration of the nature and scope of the writ of certiorari as it may be used in examining orders of the commission. At the outset we are moved to say that the writ of certiorari afforded by the constitution should not be confused with the so-called certiorari provided by Supreme Court Rule number 34, 30 F.S.A. We make this observation because some attorneys have mixed the two. Certiorari under the rule was designed simply as a streamlined method of bringing appeals authorized by law to be taken from interlocutory orders entered in chancery. True the procedure in both kinds of certioraris, as is shown by the reference in rule 34 to rule 28, is similar but the elements differ entirely, one having all the qualities of an appeal, the other being severely restricted in its operation.
When the first petitions for certiorari under the act of 1953 arrived here the court, realizing that the field of Workmen's Compensation *663 had reached enormous proportions, thought it wise first to determine the constitutionality of the law and then to chart a course not only for the benefit of litigants and their counsel, but also for the court itself so that any confusion that might result from the change of procedure would be reduced to a minimum. We hope the motive for our excursion beyond the constitutional question will neutralize any criticism that we are indulging in obiter dicta.
It seems logical first to describe the procedure to be followed, harmonizing as near as we can the legislative provisions and our rules and, reserving to the court, as we feel we must, the power of regulating the procedure from time to time by the adoption of new rules and the revision of old ones.
The petition must be filed within thirty days of the date the challenged order is mailed to the parties. Parenthetically, we have italicized the time limitation because it is not the same as that originally fixed in Sec. 440.27, supra, or rule number 28.
We feel impelled to hold that inasmuch as the review is to be obtained by resort to the writ of certiorari we have power to issue under the constitution, and for the reason that for many years the period during which the application had to be made was fixed at "sixty days from the date of the * * * order * * * sought to be reviewed," the time set by the rule for filing the petition should prevail. Precedent for applying the provision of the rule instead of accepting the provision of the act appears in the cases of Carlile v. Spofford, Fla., 65 So.2d 545, and South Atlantic S.S. Co. of Delaware v. Tutson, supra. From a practical standpoint the conclusion is justified because otherwise one time limitation would apply to compensation cases, a different rule to all other cases coming to this court by certiorari. Parties and their counsel should be wary of the shortening of the period where supersedeas is obtained, Supreme Court Rule 35(f), Sec. 59.13(7), Florida Statutes 1951, and F.S.A., and Sec. 9, Chapter 28241, supra.
Under the court rule the petition must be accompanied by a certified transcript of the proceedings sought to be reviewed; under the act this is not necessary as the original record, which was filed before the commission, may be used here. This, however, is optional and a transcript of the record or of such parts of it as are material may be used. Up to this point then the only practical differences between statute and rule are the time of filing the petition, a disparity we have eliminated, and the use of the original record if the petitioner chooses to do that.
To keep pace with an ever-increasing docket, and harmonize our procedure with that recommended by the legislature, the court has found it necessary to amplify the rule, number 28, governing common law certioraris, by adding three paragraphs dealing generally with certioraris in industrial cases and particularly with transcripts in such cases. For the benefit of the bench, the bar, the commission, and the litigants these newly adopted rules are copied:

"CERTIORARIS IN INDUSTRIAL CASES
"(e) Orders of the Florida Industrial Commission entered pursuant to Section 440.25, Florida Statutes 1951, as amended by Section 8, Chapter 28241, Laws of Florida, Acts of 1953, shall be reviewed only by writ of certiorari pursuant to Section 5, Article V of the Constitution upon a petition filed in this Court within sixty days from the date the order sought to be reviewed was entered. The petition by its nature amounts to a request to exercise the Court's discretion, and if granted, the questions raised will be determined. Being the order of a Commission exercising quasi judicial powers, the Court will not only determine whether or not the proceedings accord with the essential requirements of law, but if found to meet this test will then determine whether or not there is adequate, sufficient or substantial legal evidence to sustain the findings of the Commission. The Court will not weigh the probative force of conflicting evidence but will confine its examination to the nature of the evidence relied on to sustain the order. If *664 the petition is denied no opinion will be written.
"(f) The Florida Industrial Commission shall be made a party respondent to every petition filed under this rule and at the time the petition is filed in the Supreme Court the petitioner shall give notice thereof to the Industrial Commission and other parties to the proceedings by serving a copy of the petition upon each of said parties or their counsel, together with a copy of the supporting brief of the petitioner.

"TRANSCRIPTS OF RECORDS IN INDUSTRIAL CASES
"(g) Within ten days after service of the petition on the Industrial Commission and other parties to the cause as required by this rule, the Director of the Workmen's Compensation Division shall transmit to the Supreme Court the original transcript of the proceeding before the Deputy Commissioner which was reviewed by the Full Commission, the originals of any motions, or other instruments filed in connection with such review by the Full Commission, and the original order of the Full Commission sought to be reviewed, which shall constitute the record-for-review by the Supreme Court; provided that such record be not over 75 pages. In the event it exceeds 75 pages, the Director of the Commission shall file in the Supreme Court a transcript of such parts of the record of the proceedings the petitioner seeks to have reviewed as counsel for petitioner deems essential to dispose of the question raised. Unless shown by opposing counsel to be necessary, no other record shall be required."
Paragraph (5) of Sec. 440.27, as amended by Sec. 9 of Chapter 28241, supra, appears ambiguous because in it the legislature specified that parties would be "entitled as a matter of right to make oral argument * * * where oral argument is granted by the Court on application of any party." But there is no occasion to labor this point for reserving always to this court the power to regulate arguments, we are fully aware of the tradition of the court to hear those who wish to be heard, and the custom to hear brief arguments in support of and in opposition to petitions for extraordinary writs on motion days. See Supreme Court Rule number 27.
The procedure as we have attempted to outline it, with regard for the provisions set out by the legislature and the requirements defined in our own rules, is relatively simple and we hope that by recording it in this opinion uniformity will obtain and justice in compensation cases will be administered with the sureness and promptness which arise from simplicity.
So much for the route to the supreme court,  now for the scope of the court's examination once the petition arrives here. As has been said, and as has been indicated in paragraph (e) of the rule just quoted, the sphere of operation of certiorari is narrower than that of appeal. Not only is that the case but the obligation of the court is quite different. An appeal properly taken so that jurisdiction attaches, puts the responsibility on the court to decide the questions presented; a petition for certiorari amounts to a request to exercise a discretion, fairly and justly, of course, which, if exercised in the petitioner's favor, results in granting the request and determining the points of law involved.
But one certiorari may differ from another. As we held in Jacksonville, T. & K.W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290, 291, the courts have distinguished "between cases where the writ [of certiorari] goes to inferior courts of record and cases where it goes to officers or boards exercising only quasi judicial powers in proceedings of a summary character out of the course of the common law." In the first, according to these authorities, the record can be examined only to ascertain whether such courts have strayed from the bounds of their jurisdictional powers; in the second, the examination will extend to a determination of the question whether they have "acted strictly according to law; and errors and irregularities committed by them will be corrected." This pronouncement was quoted lately in American Nat. Bank of *665 Jacksonville v. Marks Lumber & Hardware Co., Fla., 45 So.2d 336. Although in both cases the court was reviewing by certiorari the judgments of lower courts, not the actions of quasi judicial boards, the court did adopt the same view in Florida Motor Lines, Inc., v. Railroad Commissioners, infra, where an order of the Railroad Commission, a quasi judicial body, was under consideration. See also Florida Motor Lines, Inc., v. State Railroad Commission, 101 Fla. 1018, 132 So. 851; Great Southern Trucking Co. v. Douglas, 147 Fla. 552, 3 So.2d 526.
From our study of these and other authorities we come to the conclusion that there is not only a distinction between the breadth of the review in certiorari where a judgment of a lower court is under attack and one where the order of a quasi judicial body is challenged but that there is good reason for the distinction. In the former instance the parties have had their day in a trial court and, probably, full advantage of an appeal already, while in the latter the hearing has been held before a body that is not strictly judicial and there has been no appeal in the strict sense of that word. So there is reason, to repeat, for restricting the inquiry in one to ascertaining whether the essential requirements of law have been followed in the judicial process while more latitude should be allowed in the other.
In the cited cases the court has evidently departed from the strict rules of common law certiorari where orders of the Florida Railroad and Public Utilities Commission were under review and has in those instances enlarged the scope of the writ. We see no reason for distinguishing between such orders and those rendered by the Industrial Commission so far as issuance of the constitutional writ of certiorari is concerned. In applying these decisions to the petitions now reaching us for certiorari to review orders of the Industrial Commission, we will determine whether the commission has "kept within [its] jurisdictional powers" and whether it has "acted strictly according to law". Florida Motor Lines, Inc., v. Railroad Commissioners, 100 Fla. 538, 129 So. 876, 883. The petitioner will carry the burden of showing that the order challenged "is illegal or unauthorized or does not accord with the essential requirements of the law * * *." If the orders meet these tests we will nevertheless go further and determine whether "there is ample legal evidence * * * to sustain the findings * * *", Great Southern Trucking Co. v. Douglas, supra, or, as it was stated in Florida Motor Lines, Inc., v. State Railroad Commission, supra, whether there was "substantial competent evidence * * * legally sufficient to support the findings * * *." If the record discloses proof of this character the commission may be said to have proceeded strictly according to law. We will not gauge the "probative force of conflicting testimony" but will confine our examination to the nature of the evidence relied upon to sustain the order, Becker v. Merrell, 155 Fla. 379, 20 So.2d 912, 915. See also Atlantic Coast Line R. Co. v. Railroad Commission, 149 Fla. 245, 5 So.2d 708.
Parties aggrieved by orders of the Industrial Commission having been divested of any opportunity of review by appeal, the only course open to them is certiorari. The procedure, by certiorari, that we are approving constitutes something less than appeal, something more than a common law certiorari. The need for enlarging the scope of the writ of certiorari to review the orders of quasi judicial boards was recognized as long ago as 1894, in Jacksonville, T. & K.W. Ry. Co., v. Boy, supra, when the opinion in State ex rel. Moreland v. Whitford, 54 Wis. 150, 11 N.W. 424, rendered in 1882, was cited. The thought did not originate with this court but we did accept the view and we have adhered to it. We reiterate the stand and in doing so we purposely make the field of inquiry in cases coming here by certiorari from the Industrial Commission coincide with the field of inquiry in cases coming here from the Railroad and Public Utilities Commission.
We have examined the record in the instant case in the light of what we have *666 written and are convinced that the petition for certiorari should be denied.
ROBERTS, C.J., and TERRELL, SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.