PARKS, L. L., Associate Judge
(concurring in part and dissenting in part).
I agree with that part of the opinion holding that the Circuit Judge erred in concluding, as a matter of law, that the deed from the Trustees of the Internal Improvement Fund established a “public policy” which, as to the land involved, limited the field of operation of Chapter 31182, Laws of Florida 1955, enacted subsequent to the conveyance by the Trustees, to “reasonable regulatory powers concerning details of this fill, rather than the discretionary power to permit or prohibit the fill itself.” It has always been my understanding of the law that conveyances of submerged lands, such as are involved in this case, are never absolute, but that the state retains regulatory control to protect the rights and interests of the general public. State ex rel. Ellis v. Gerbing, 56 Fla. 603, 47 So. 353, 22 L.R.A.,N.S., 337; Broward v. Mabry, 58 Fla. 398, 50 So. 826; Brickell v. Trammell, 77 Fla. 544, 82 So. 221; Deering v. Martin, 95 Fla. 224, 116 So. 54; Trustees of Internal Improvement Fund v. Claughton, Fla., 86 So.2d 775. One purchasing land of this character does so with notice of this retained power to regulate and control. Pembroke v. Peninsular Terminal Co., 108 Fla. 46, 146 So. 249. It is clear, from this record, that no improvement of these submerged lands had been made prior to the enactment of Chapter 31182, Special Acts of 1955, and after its enactment filling of submerged lands in Pinellas County could be accomplished only pursuant to application and permit made to and issued by the Pinellas County Water and Navigation Control Authority, hereinafter called the Board.
I must respectfully dissent from the remainder of the opinion.
As noted above, the able circuit judge apparently was of the opinion, as a matter of law, that the Board could regulate details of the fill but had no discretionary power “to permit or prohibit the fill itself.” The majority opinion indicates that this error was cured by subsequent findings in the court’s order that the law had been complied with. I am unable to pass over the gravity of this error so lightly, and I believe the error was compounded by the scope of review afforded the Board’s action by the circuit judge, and the scope of review afforded the circuit judge’s order by this court. In my opinion, this cause should be returned to the circuit court for a review in conformance with Section 8(e), Chapter 31182, supra, for the following reasons.
The appeal in this case, from The Pinel-las County Water and Navigation Control Authority to the Circuit Court of Pinellas County, was perfected prior to July 1, 1957. Under the applicable law, an appellant aggrieved by the Board’s ruling had the right “to have the entire cause reviewed by the Circuit Court * * * as provided by law for other appeals to the Circuit Court.” Section 8(e), Chapter 31182, supra. Aside from the obvious implication of language affording the right to have “the entire cause reviewed”, Section 59.34, Florida Statutes, 1955, F.S.A., a general statutory *65 provision applicable to this appeal, Section 59.43, Florida Statutes, 1955, F.S.A., provides that an appellate court “shall examine the record, and reverse or affirm the judgment, sentence or decree of the court below; give such judgment, sentence, or decree as the court below should have given; or otherwise as to it may appear according to law.”
Before considering the circuit judge’s reasoning in support of the scope of review he indulged in, it will be helpful to trace the proceedings followed prior to the appeal. As permitted by the Act, Section 9(a), Chapter 31182, supra, the hearing on the application was conducted by an examiner who was required to report in writing and make recommendations as to the determination of the application. The examiner’s report was filed under date of March 4, 1957, and was favorable to the applicants. Exceptions were duly filed and this required a hearing by the Board. Section 9(e), supra. Section 9(f), of the Act, provides that at such a hearing “ * * * the Board shall consider the exceptions to the examiner’s report and the record of testimony taken before the examiner, without presumptions as to the examiner’s findings of fact, the engineering and other data, and shall either confirm the examiner’s report or enter such other determination in the matter as is proper * * (Italics supplied.)
At this point, a material deviation from the procedural provisions of the Act occurred. On March 5, 1957, the day after the examiner’s report was filed, the Board apparently convened and authorized its clerk to advise the Corps of Army Engineers that a hearing had been had before the Board’s examiner, who had ruled favorably, that his recommendation was now before the Board, and that the Board requested the Corps of Army Engineers to expedite the processing of the “Furen” application for Army Permit. Since the procedural provisions of the act permitted filing of exceptions and, in such event, required a hearing by the Board “without presumptions as to the examiner’s findings of fact”, this action by the Board is difficult to reconcile with the procedural provisions of the act designed to assure an impartial hearing in conformance with the basic requirements of due process.
At the hearing on the exceptions, eventually held by the Board the following April, the Board confirmed the examiner’s report, overruled the exceptions, and issued the permit. Petition for rehearing was denied and an appeal was perfected to the circuit court. The circuit court was requested to review the entire cause, the appellants contending, in effect, that the evidence failed to support findings that the proposed plan or development would not materially affect adversely any of the rights or interests of the public as set forth in Section 8(e), supra.
In his order, affirming the Board, the circuit judge first undertook to determine what rule, for review of administrative action, he would apply in determining the correctness of the Board’s action. It appears this is where the first “court” action in this case went astray. Little is to be gained by resorting to cases undertaking to spell out the scope of administrative review when those cases are based on divergent degrees of quasi-judicial administrative action conducted under different statutory provisions by boards, agencies, or commissions variously composed. Undoubtedly, the cases cited by the majority opinion in support of the conclusion reached, that the circuit judge applied the correct review rule, correctly state the law applicable to the cases cited. However, I doubt the validity of their application in a case involving administrative action, when the very law permitting the administrative action states what the scope of judicial review will be on an appeal from the administrative action. Here, Section 8(e), supra, provides in clear terms the “right” to have the entire cause reviewed as are other appeals. I think it not amiss *66 to reiterate that in this case the Board adopted findings originally made by an examiner. On the hearing before the Board no presumptions attached to the examiner’s findings of fact. Section 9(f), supra. I think it clear that under these circumstances no presumption can attach to findings of the Board, and that the circuit judge, to review the “entire cause”, must independently determine whether the evidence supports findings that the rights and interests of the public will not be adversely affected, materially, in the particulars specified in Section 8(e), supra. Determinations that such findings as the Board made are supported by substantial evidence and that no abuse of discretion has been shown, is not the equivalent of a review of the “entire cause” contemplated in the very law creating the Board.
Nor, do I believe that the fact that the review in this Court is by certiorari rather than appeal has any bearing on the ability of this Court to reverse the circuit court. Even if applied in its most restrictive form, still certiorari permits reversal in the event there has been a departure from the essential requirements of the law. Basnet v. City of Jacksonville, 18 Fla. 523. The very requirements of the law under consideration were departed from in two instances. First, when the Board acted on the examiner’s findings prematurely, and second, when the circuit judge applied a narrower review of the administrative action than the law specified. This would be sufficient basis to require a rehearing by the Board prior to further action by the circuit judge, but, as an absolute minimum, a review by the circuit judge in conformance with the provisions of the law is essential.
I do not wish to unnecessarily prolong this dissenting opinion, but there is another matter involved here which I consider worthy of comment. When Article V of the Florida Constitution was amended, November, 1956, effective July 1, 1957, the jurisdictional provisions of the Supreme Court and the circuit court were altered? and, of course, the district courts of appeal were created. In adjusting to the new jurisdictional provisions of the circuit, district and Supreme Court, certain difficulties-have been encountered in the area of administrative review. In Codomo v. Shaw, Fla., 99 So.2d 849, our Supreme Court held, in effect, that statutes affording review of administrative action by appeal to the circuit court would, because of the new constitutional provisions, have to be read as-providing such review by certiorari. See also, National Dairy Products Corp. v. Odham, Fla., 100 So.2d 394. A study of' these cases does not indicate that the Supreme Court specifically considered the question of what the scope of review would! be when certiorari was substituted for appeal, under the revised constitutional provisions, or for that matter whether a circuit court reviewing administrative action by certiorari was acting in its “trial” court or “appellate” court capacity.
In this very case, this Court was previously confronted with these very questions. Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App.1958, 104 So.2d 803. This Court held that when the circuit court entertained the appeal (perfected before July 1, 1957) it was acting in its appellate capacity, and that a district court of appeal had no jurisdiction of an appeal from the circuit court acting in such capacity. This Court consented to treat the appeal as a petition for certiorari and to review the lower court’s decision to the limited extent authorized by certiorari. It would appear to logically follow that if a circuit court now reviewed administrative action by cer-tiorari its review would be characterized as “appellate” action and a review by this Court would have to be by certiorari. See Anderson v. Florida Real Estate Commission, Fla.App., 105 So.2d 918; Swope v. Coryell, Fla.App., 107 So.2d 153. This presents additional problems in the area of “scope of review”, all of which could be obviated by characterizing tire circuit *67 ■court’s review of administrative action as ■“trial” rather than “appellate” in nature.
Although the particular jurisdictional point now under consideration apparently was not raised, this Court previously entertained an appeal from an order of the circuit court quashing a writ of certiorari issued to review an administrative order of the Commissioner of Agriculture. Townsend Fruit Co. v. Mayo, Fla.App., 98 So.2d 345. Similarly, the District Court of Appeal, Third District, without apparently considering the jurisdictional question, entertained an appeal from an order of the circuit court reviewing and affirming administrative action. Bruley v. Florida Industrial Commission, Fla.App., 101 So.2d 22. So, apparently some conflict exists in the cases on the question whether a circuit court review of administrative action is “appellate” in nature, leaving review in the district courts of appeal only by certiorari, or whether such review in the circuit court is “trial” by nature thus permitting an appeal to the district court of appeal from the judgment of the circuit ■court.
But, assuming that the district court’s review of such action by the circuit court is limited to certiorari, what is the scope of that review? In Potter v. Curry, Fla.App., 104 So.2d 127, the District Court of Appeal, Third District, reviewed, by cer-tiorari, the circuit court’s affirmance (it is not clear from the opinion whether the circuit court reviewed the administrative order by appeal or certiorari) of an order of the Florida Real Estate Commission suspending the registration of a real estate broker. By terms of the statute, Section 475.31(5), Florida Statutes, 1957, F. S.A., the findings of fact of the commission have the same force and effect as the findings of a general master in chancery. Although the circuit court had reviewed the administrative order and affirmed, the district court of appeal, on certiorari, examined the evidence and concluded that the commission’s findings were contrary to the manifest preponderance of the evidence.
The majority opinion, in this present case, although stating that the evidence was reviewed, intimates that such review of the evidence might not be necessary on certiorari. That point should be decided.
Under the former constitutional jurisdiction provisions and the proceedings in workmen’s compensation cases, the appeal permitted to the circuit court, followed by an appeal to the Supreme Court, was reconciled on the theory that the circuit court was the “first court in which the controversy may appear in the judicial department.” South Atlantic S. S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675, 683. Eventually, the statutes were amended and the review of the administrative action was reduced to a writ of certiorari “filed in the supreme court of Florida * * *.” Section 440.27(1), Florida Statutes, 1953, F.S.A. In the first case reaching the Supreme Court under the new provision, Wilson v. McCoy Mfg. Co., Fla., 69 So.2d 659, 664, that Court was directly faced with the question of the “scope of the court’s examination once the petition (arrived).” Wilson v. McCoy, supra. The Court plainly stated that “one certiorari may differ from another”; that “the need for enlarging the scope of the writ of certiorari to review the orders of quasi judicial boards was recognized” long ago; and that since certiorari had been substituted for appeal the review would be “something less than appeal, something more than a common law cer-tiorari.” Wilson v. McCoy, supra.
That opinion, Wilson v. McCoy Mfg. Co., supra, states the true test for judicial review of administrative action whether it be certiorari in the circuit court for review of administrative action or cer-tiorari in the district court for review of the circuit court’s review of administrative action. And, in the absence of a scope of reveiw specified in the statutory *68 provisions, the test for determining the sufficiency of the evidence to support the findings are adequately stated in Wilson v. McCoy Mfg. Co., supra, and the cases cited in the present majority opinion of this court. But when, as here, the very statute creating the administrative agency spells out the scope of that review as being one of the “entire cause” then the circuit court in reviewing the administrative action should review the “entire cause.” Obviously, that was not done by the circuit court in this case and certiorari to the district court of appeal is certainly broad enough to enforce a review in accord with the provisions of law. Wilson v. McCoy, supra.
I would remand this cause to the circuit court with directions to review the “entire cause” and independently determine if the evidence supports the findings required by Section 8(e), Chapter 31182, supra.