DREW, Justice.
Petitioners, the widow and dependent child of a deceased truck driver, seek review by petition for writ of certiorari, of an order of the full commission reversing the deputy commissioner’s order which granted petitioners death benefits under the Workmen’s Compensation Act. Their husband and father had been employed by the respondent-employer to drive a large semi-truck hauling pulp-feed from processing plants to consumers. The accident which took his life was unwitnessed and occurred late at night while he was returning from the processing plant with a heavy load of feed. The decedent had been working excessively long hours for more than a week to meet an unusual demand for feed created by an imminent price increase. The evidence presented established that decedent’s truck went off the road, made an effort to return to the highway, struck a bridge abutment, overturned and burned, killing the decedent.
Evidence was presented to show that during the nine or so hours which preceded the accident, the decedent had taken both “Bennies”, which a doctor testified were not narcotics, but rather, psychic energizers, and alcohol in an effort to keep awake. There was conflicting evidence as to the effects on decedent’s faculties. There was also testimony by the investigating trooper and a “safety expert” that the truck was exceeding the posted 45 m. p. h. speed limit for such a vehicle when the accident occurred.
The deputy made adequate findings of fact to the effect that deceased’s normal faculties were not impaired by alcohol to the extent that his death was primarily occasioned by intoxication, especially in view of the presumption to the contrary in F.S. 440.26(3), F.S.A.[1] He also found that the main cause of the accident was excessive speed and reduced the award by 25% for violation of the speed limitation of which decedent knew.[2]
The full commission reversed the deputy, stating: “We have carefully reviewed the rather voluminous transcript of evidence in the instant cause and are of the opinion that the only logical conclusion based on the evidence is that claimant suffered his untimely death as a result of intoxication from the combination of drugs and alcohol.”
It is patent that the order of the full commission must be reversed for usurpation of the power given by statute only to the deputy: the power to make *197 findings of fact.[3] The function of the full commission in reviewing the deputy’s findings of fact is to determine whether they are sustained by competent, substantial evidence.[4]
There was competent, substantial testimony in the record sustaining the deputy’s findings. In addition, the fact, established by the record, that the decedent drove his truck for an hour and a half and covered a distance of 43.5 miles to the scene of the accident after his last corn-sumption of alcohol, consumed when no “Bennies” were obtainable to keep him awake, is mute testimony supporting the deputy’s finding that his normal faculties were not impaired by alcohol to the extent that his death was primarily occasioned by intoxication.
In the light of this finding, we have no occasion to determine, and expressly do not rule upon, the question raised on argument of this cause as to whether or not impairment to the equivalent of intoxication by “Bennies” or other similar stimulants is within the scope of F.S. 440.09(3), F.S.A.
It is very doubtful that respondents’ question concerning the authority of the deputy to award an attorney’s fee — and the excessiveness thereof — are properly before us. Assuming, arguendo, that it is, the record clearly establishes that the parties agreed that the deputy fix the fee. As to the amount, we think it justified by the record.
Certiorari is granted; the order of the full commission, dated February 24, 1965, is vacated with directions to reinstate the order of the deputy dated July 1, 1963.
THORN AL, C. J., and O’CONNELL, CALDWELL and ERVIN, JJ., concur.

. “In any proceeding for tlie enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary (3) That the injury was not occasioned primarily by the intoxication of the injured employee.”

. F.S. 440.09(3), F.S.A. “* * * Where injury is caused by the willful refusal of the employee to use a safety appliance or observe a safety rule required by statute or lawfully required or approved by the commission, and brought prior to the accident to his knowledge, the compensation as provided in this chapter shall be reduced twenty-five per cent.”

. Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503.

. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.