DREW, Justice.
This petition for certiorari controverts an order of the commission vacating an award of compensation for fifty percent permanent partial disability.
At the outset we think it appropriate to repeat what this Court said in Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503, concerning the respective duties of the deputy commissioner, the full commission and this Court with reference to review of workmen’s compensation cases. In the foregoing case we observed:
“The Deputy Commissioner is required by statute, in his order allowing or rejecting a claim, to set forth 'a statement of the findings of fact and other matters pertinent to the questions at issue.’ (Italics added.) Section 440.25(3) (c), F.S. 1953, F.S.A. These findings of fact when supported by competent, substantial evidence cannot be upset. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
“The Full Commission, in reviewing an order of a Deputy Commissioner, has the duty to determine whether his findings of fact are supported by the evidence and to determine whether the order based thereon is correct under the law. See Naranja Rock Co., Inc. v. Dawal Farms, Inc., Fla. 1954, 74 So.2d 282.
“This Court upon review of a final order of the Full Commission has the duty of determining whether the Commission properly fulfilled its function with reference to the evidence to support the findings and the law applied to the findings. See Wilson v. McCoy Mfg. Co., Fla.1954, 69 So.2d 659.”
We believe the deputy commissioner’s order in this case meets every requirement of the statutes and of the opinions of this Court. The conclusions he reached were, in our opinion, supported by competent, substantial evidence and the result he reached accorded with logic and reason.
The evidence establishes that the claimant was about forty years of age at the time of the industrial accident and has a sixth grade education. It further shows that he had enjoyed good health and all of his adult life had worked primarily in manual pursuits requiring physical labor. After the industrial accident, and according to the record because of it, he suffered severely from his neck and low back, became extremely nervous, his speech was seriously affected, he lost weight, was required to wear a back support almost constantly, and was under medication. The medical evidence established claimant’s permanent partial disability of the body as a whole of 20% from a psychoneurosis and 5% from the orthopedic injury.
The testimony was further that since the accident he had worked for a while at a roadside stand where he sold tomatoes, cabbages and other vegetables. In addition to this, he peddled these vegetables from door to door. He also did some work about the house and worked on automobiles adjusting *767 valves and carburetors. He distributed literature to the members of the church to which he was connected and other interested persons and was compensated to a small extent for this work. All of these factors were taken into consideration by the deputy commissioner who concluded on this point “As to claimant’s loss of wage earning capacity, I find that based on the education, the work record, industrial training, the findings of the doctors, as well as my observations of the claimant made at the hearing and other testimony, the claimant has sustained a loss of 50% of his wage earning capacity.”
The full commission in its order remanded the cause to the deputy commissioner for a re-determination of the proper amount of permanent partial disability which was directly attributable to the compensable accident in the light of the variables announced in Ball v. Mann, Fla.1954, 75 So.2d 758, and Southern Bell Telephone & Telegraph Company v. Bell, Fla. 1959, 116 So.2d 617.
Concluding, then, that the evidence in this case is competent and substantial and supports the deputy’s order, it becomes our responsibility upon review, as noted in Hardy v. Tarpon Springs, supra, to determine “whether the commission properly fulfilled its functions with reference to the evidence to support the findings and the law applied to the findings.” It is our view that the full commission did not observe its obligation “to determine whether his findings of fact were supported by the evidence and to determine whether the order based thereon is correct under the law,” but instead substituted its judgment of the facts for those of the deputy commissioner. It is also pertinent to note that one of the commissioners in his dissent reached the same conclusion.
The employer raises another point which we must confess has not heretofore been presented to this Court in a workmen’s compensation case. The question revolves around the proposition of whether the claimant should be examined by a psychiatrist other than the one who had seen him at the time of the hearing on the claim. It basically involves the question of whether the deputy commissioner abused his discretion concerning the matter. In the deputy’s order we find the following statement:
“The carrier made an oral motion to have the claimant examined by an independent psychiatrist, but at the time of the hearing withdrew its request for said independent examination and both parties stipulated that the matter might be completed upon the testimony of the claimant, the deposition of the expert witness, Dr. Edgar A. P. Kellerman, and the various medical reports of the other doctors introduced in evidence.”
With reference to this part of the deputy’s order, the full commission made the following statement: “There does not appear to be competent substantial evidence in the record to support this finding, and since it may be to the best interest of the claimant to have more than one evaluation, it is our opinion that the deputy commissioner did err in not allowing an examination by another psychiatrist.” The record contains, among other evidence with reference to this matter, a statement by the attorney for the carrier as follows: “I’d like to choose the doctor. And if I can’t choose him, I don’t want to request it. It’s that simple.” A few minutes later he made the further statement: “Well, only if I could have Dr. Coleman[1] and if I can’t, then I will withdraw my request.” (Emphasis added.) Immediately following this latter statement was a notation by the reporter: “(Discussion off the record as to the identity, place of office, age, etc. of Dr. Coleman in Miami.)” Great weight should be accorded *768 the trier of fact in recitals of this nature. The deputy commissioner, a sworn officer of the State, was present at the hearing, discussions were had in his presence and the •carrier has made no effort to have the record corrected, if it is incorrect, with respect to it. It is essential on review to accord great weight to findings of this type concerning statements and stipulations of •counsel, and it is our view that the full •commission, in so lightly casting aside this specific holding of the deputy, was clearly in error. Moreover, the basic point involved was whether there was, as noted above, an abuse of discretion on the part of the deputy commissioner, even assuming that the position of claimant is correct and that there was no such stipulation. The ■statute 440.25(3) (b) provides that where “there is a conflict in the medical evidence submitted at the hearing, the deputy commissioner may designate a disinterested doctor to submit a report or to testify in the proceeding * * * ” This statute vests, and necessarily so, a broad discretion in the deputy commissioner and only a very serious abuse of that discretion would justify upsetting his conclusions. This point •also is referred to by the dissenting commissioner with the following pertinent ob-servation:
“ * * * If the employer and carrier felt that the claimant’s examination by another psychiatrist was necessary for a proper presentation of their case, such a request should have been made prior to the hearing.”
The writ should accordingly issue, the order of the full commission be quashed and the cause remanded to the full commission with directions to reinstate the deputy’s order.
It is so ordered.
THORNAL, C. J., THOMAS, J., and DURDEN, Circuit Judge, concur.
CALDWELL and ERVIN, JJ., dissent.

. Dr. Coleman is a resident physician of Miami, Florida with offices there. The claimant lives in West Palm Beach and the hearing at which this situation arose occurred in West Palm Beach.