DREW, Justice.
The petition for certiorari in this cause controverts an order of the full commission vacating an award of compensation of 5% permanent partial disability of the body as a whole and other benefits.
The pivotal point in the controversy concerns the question of whether or not the employee falsified an employment application by failing to truthfully answer certain questions relating to prior industrial accidents and existing physical impairments. The deputy commissioner found that the claimant was an uneducated negro man unable to read or write and that the employment application was filled in by the employee’s foreman from answers furnished by the employee. The deputy commissioner found with reference to the alleged falsified application that “the claimant did not know it to be false and there was no causal relationship between the injury and the al *760 leged misrepresentation as to physical condition.” The deputy’s findings are in all other respects detailed and complete and in full compliance with the requirements of this Court in Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503, and other cases of a similar nature. The order of the full commission is nothing more than independent findings reaching a different conclusion from that of the deputy. This they are not authorized to do. See Hammersla v. Price, et al., Fla., 190 So.2d 765, opinion filed October 5, 1966.
For the foregoing reasons, the compensation order of the full commission dated November 22, 1965 is quashed and the cause is remanded to the full commission with directions to reinstate the order of the deputy commissioner.
THORNAL, C." J., and ROBERTS and ERVIN, JJ., concur.
O’CONNELL, J., dissents.