THORNAL, Justice.
We have for review an order of the Florida Industrial Commission which reversed an order of a deputy denying workmen’s compensation benefits to respondent McCann.
We must decide whether Fla.Stat. § 440.25(3) (b) (1967), permits a deputy commissioner to base his judgment on an ex parte report of a doctor especially appointed to examine a claimant in the light of stipulations reflected by the record.
On March 1, 1965, respondent received an injury while employed by petitioner. On May 10, 1966, respondent was given a 3% permanent partial rating by his treating physician. He was paid accordingly by petitioner. Subsequently, respondent sought greater recovery. On April 21, 1967, the deputy held:
“It appearing in the record that there was a conflict of testimony as to the causation of claimant’s disability and the extent thereof, it is the Order * * * that the claimant be examined by Dr. James J. Crumbley * * * at the expense of the employer and carrier and that Dr. Crumbley shall forthwith submit his findings to the * * * deputy * * * with a copy of his report to the attorneys hereinbefore named, as soon as practical.”
Thereafter, respondent was examined by Dr. Crumbley and a group of independent specialists, including two orthopedists, a neurosurgeon, and a psychiatrist. Dr. Crumbley’s report stated respondent was suffering from a generalized or systemic nervous system disorder completely unrelated to his alleged injury of March 1, 1965. Dr. Crumbley sent his report to the deputy with copies to counsel for all parties. However, McCann claims that the report did not reach him before the final order.
On September 1, 1967, the deputy issued his final order, holding:
“That the claimant sustained no permanent partial disability as a result of the injury of March 1, 1965, and that any disability the claimant now has is not a result of the injury of March 1, 1965. I make this finding based on the complete diagnostic examination performed by Dr. J. J. Crumbley and associates of Tampa, whose report was stipulated into evidence by the parties hereto.” (Emphasis added)
Respondent sought review of the deputy’s order. He claimed that he had never entered into such stipulations; that he had not been afforded his right to cross-examine Dr. Crumbley; and that the doctor’s report was not properly admitted into the record. On June 13, 1968, the Full Commission unanimously remanded the cause to the deputy directing him to allow the respondent, McCann, to cross-examine Dr. Crumbley and to introduce rebutting testimony. This is the order we have for review.
Fla.Stat. § 440.25(3) (b) (1967), F.S.A., provides in part: “When there is a conflict in the medical evidence submitted at the hearing the deputy commissioner may designate a disinterested doctor to submit a report or to testify in the proceeding, after such doctor has reviewed the medical reports and evidence, examined the claimant, or otherwise made such investigation as appropriate. The report or testimony of any doctor so designated by the deputy commissioner shall be made a part of the record of the proceeding and shall be given the same consideration by the deputy commissioner as is accorded other medical evidence submitted in the proceeding; * * * »
The obvious purpose of the quoted provision is to enable a deputy to obtain independent medical opinions in his effort to reconcile conflicting medical testimony. The statute is not mandatory. The deputy has a discretion to decide whether the additional examination and report are *312 needed. The statute provides that he “may-designate a disinterested doctor.” Martin v. Tindell, 98 So.2d 473 (Fla.1957), cert. denied, 355 U.S. 959, 78 S.Ct. 545, 2 L.Ed. 2d 534. Hammersla v. Price, 190 So.2d 765 (Fla.1966).
The statute expressly provides that the report or testimony of the designated doctor shall be made a part of the record. Significantly it is required that it “shall be given the same consideration by the deputy” as is accorded other medical evidence.
We find nothing in this statute which authorizes a deputy to obtain independent medical advice by requiring a claimant to submit to a physical examination, and then deny to the claimant the right to examine or cross-examine the doctor.
The instant case is illustrative. Dr. Crumbley filed with the deputy a thorough, comprehensive and detailed report. It was based on examinations conducted by himself and other consultants over a period of days. If accepted without question, as it was by the deputy, it could be, and it was, fatal to the employee’s claim. Unless the alleged stipulation bears on the problem, the employee was effectively denied the right of cross-examination of authoritative witnesses used against him. This in itself would be a denial of due process. We do not so construe the statute.
We must look then to the impact of the stipulation. Unless McCann waived the privilege of cross-examination of the doctors, the order under review was correct. We agree that great weight should be accorded to recitals and findings of a deputy concerning statements and stipulations of counsel. When clear and specific, they should not be lightly regarded. Hammersla v. Price, supra. However, when such recitals are equivocal, as here, we feel that they should not be given an interpretation that will deprive a party of a due process privilege when a different interpretation is equally or preferentially acceptable.
The Full Commission’s disposition of the instant matter was supported by its decision in Fulford v. Edwell Engineering & Contracting Co., 4 FCR 168 (1960). There, as here, a stipulation prior to final hearing that “all medical reports in the file be admitted into evidence and made a part of the record” did not include a subsequently submitted report of a deputy-appointed physician since claimant’s attorney had been accorded no opportunity to cross-examine the physician.
Similarly, in Donaldson v. Southside Estates Water Works, 3 FCR 271 (1958), it was held to be error for a deputy to base his final evaluation of disability upon an independent, ex parte medical report made by a deputy-appointed doctor and accompanied by denial of a right to cross-examination by counsel for the parties.
By his final order in the instant case the deputy recited that he made his findings on the examination by Dr. Crum-bley, “whose report was stipulated into evidence by the parties hereto.” This was the only evidence of the stipulation in dispute. Nothing appears in the transcript of the testimony or otherwise in the record. Granting to the recited stipulation its full measure of reliability leaves it far short of a waiver of a right to cross-examine or an agreement that the report would be accepted without question. It merely stipulated to the authenticity of the report and its admissibility as evidence. We find nothing in this record to bind respondent McCann to any agreement to accept it without equivocation.
The Full Commission properly returned the matter to the deputy to permit cross-examination and rebuttal evidence, if any.
The petition for certiorari is denied.
CALDWELL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.