ADKINS, Judge.
By petition for writ of certiorari, we are asked to review an order of the Industrial Relations Commission quashing the compensation order of the Judge of Industrial Claims and dismissing the claim on the ground that the order of the trial judge was not in accord with the essential requirements of law and not supported by competent, substantial evidence which accords with logic and reason.
Petitioner-claimant was injured by accident arising out of and in the course of his employment with Respondent in 1964. While he was loading a truck, the truck canopy turned over, fell on and crushed his left leg. Simultaneously, a co-employee fell and further crushed claimant’s left leg. Claimant suffered avulsion of the Achilles tendon on the left at approximately the junction where the muscle joins the tendon.
Claimant was again injured by accident in the course of his employment with Respondent in 1965. While shoveling and spreading limerock, claimant felt a sudden pain in his right foot which, to him, felt as though his foot had been struck with an ice pick.
The Judge of Industrial Claims found that as a result of the 1964 injury, claimant developed a traumatic interdigital neu-roma of the left foot which was excised by surgery on May 12, 1969. He further found that, as a result of the 1965 injury, the claimant developed a traumatic interdig-ital neuroma of the right foot which was excised by surgery in 1967, and, upon redevelopment, was again excised by surgery in 1969.
The issue for determination is whether there is competent and substantial evidence which accords with logic and reason to support the finding by the trial court that claimant’s interdigital neuromas were traumatic in origin. The record demonstrates that claimant suffered trauma, which caused an impaired circulation, all of which caused an irritation of the nerve roots, which developed into traumatic in-terdigital neuromas, which in turn caused the claimant constant pain and aggravation, especially in manipulating the brakes, clutch *861 and gas pedal of the truck that he drove at work.
Certiorari is granted and the order of the Industrial Relations Commission is quashed. U. S. Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951); Hardy v. City of Tarpon Springs, 81 So.2d 503 (Fla.1955); Vandiver v. Watford, 178 So.2d 195 (Fla.1965); Hammersla v. Price, 190 So.2d 765 (Fla.1966); Fleischer’s, Inc. v. Bryant, 196 So.2d 418 (Fla.1967); and Cornaros v. Carillon Hotel, 235 So.2d 478 (Fla.1970).
The cause is remanded to the Industrial Relations Commission with directions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and McCAIN, JJ., concur.